**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Quinn P. Harrington
Quinn.Harrington@usdoj.gov
William M. Narus
William.Narus@usdoj.gov
Assistant U.S. Attorneys
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

January 24, 2023

David Angeli
Angeli Law Group LLC
121 SW Morrison Street, Suite 400
Portland, Oregon 97204

Re:     *United States v. Denis Mihaqlovic Dubnikov,* Case No. 3:20-cr-00237-HZ
           Plea Agreement Letter

Dear Counsel:

1.     **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.     **Charges**:  Defendant agrees to plead guilty to Count 1 of the Second Superseding Indictment, which charges Conspiracy to Commit the Laundering of Money Instruments in violation of Title 18, United States Code, Sections 1956(h).

3.     **Penalties**:  The maximum sentence is 20 years' imprisonment, a fine of $250,000 (or twice the gross pecuniary gains or losses resulting from the offense if such amount exceeds $250,000), three years of supervised release, and a $100 fee assessment.  Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.  Defendant further stipulates to the forfeiture of the assets as set forth below.  Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4.     **Dismissal/No Prosecution**:  The USAO will move at the time of sentencing to dismiss any remaining counts against defendant.  The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

Revised May 2018

David Angeli
Re: Dubnikov Plea Agreement Letter
Page 2
January 24, 2023

5.    **Extradition Proceedings:** Notwithstanding Mr. Dubnikov's agreement to be extradited
to the United States and forego the extradition hearing to which he is otherwise entitled, the
United States agrees to adhere to the Rule of Specialty outlined in Article 15 of the Extradition
Treaty between the United States and the Kingdom of the Netherlands, in that the United States
will not prosecute or punish Mr. Dubnikov for any offense other than the offense charged in the
Second Superseding Indictment (dated August 11, 2021) unless Mr. Dubnikov commits some
additional offense after his extradition, in which case the United States reserves the right to bring
additional charges based on that conduct.

6.    **Elements and Factual Basis**:   In order for defendant to be found guilty of Count One of
the Second Superseding Information, the government must prove the following elements beyond
a reasonable doubt:

First, beginning on an unknown date but no later than in or about August 2018, and
continuing through in or about August 2021, there was an agreement between two or more
persons to commit the crime of Money Laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i);

Second, the defendant became a member of the conspiracy knowing of at least one of its
objects and intending to help accomplish it.

The elements for Money Laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) are as
follows:

First, the defendant conducted a financial transaction involving property that represented
the proceeds of Computer Hacking, in violation of 18 U.S.C. § 1030 and Wire Fraud in violation
of 18 U.S.C. § 1343;

Second, the defendant knew that the property represented the proceeds of some form of
unlawful activity; and

Third, the defendant knew that the transaction was designed in whole or in part to conceal
or disguise the nature, location, source, ownership, and control of the proceeds.

Defendant has fully discussed the facts of this case and any potential defenses with
defense counsel. Defendant has committed each of the elements of the crime to which defendant
is pleading guilty and admits there is a factual basis for defendant's guilty plea. The following
facts are true and undisputed and could be proved beyond a reasonable doubt:

In or about July 2019, within the District of Oregon and elsewhere, defendant knowingly
conspired and agreed to conduct financial transactions involving proceeds of a specified

Revised May 2018

David Angeli
Re: Dubnikov Plea Agreement Letter
Page 3
January 24, 2023

unlawful activity, that is, the Computer Hacking, in violation of 18 U.S.C. § 1030 and Wire
Fraud, in violation of 18 U.S.C. § 1343, knowing that the transactions were designed in whole or
in part to conceal and disguise the nature, location, source, ownership and control of the proceeds
of a specified unlawful activity.

Specifically, on or about July 9, 2019, a U.S.-based company (Victim Company-1) paid a
Ryuk ransom in the amount of 250 BTC after a Ryuk ransomware attack. On or about July 11,
2019, in Moscow, Russia, defendant accepted 35 BTC from a co-conspirator (CC-1) and provide
CC-1 approximately $400,000 in U.S. dollars in exchange. That 35 BTC was directly sourced
from the 250 BTC ransom payment paid by Victim Company-1.

After receiving the 35 BTC, Defendant converted the Bitcoin to Tether and sent it to a
co-conspirator (CC-2) where it was eventually exchanged for the Chinese Renminbi. Over the
next day, defendant's co-conspirators laundered additional BTC sourced from the 250 BTC
ransom payment by Victim Company-1. In facilitating the approximately $400,000 transaction,
defendant was aware of a high probability that the financial transaction involved proceeds of a
specified unlawful activity and deliberately avoided learning the truth. Defendant was
compensated financially for his role in the offense.

7.    **Sentencing Factors**: The parties agree that the Court must first determine the applicable
advisory guideline range, then determine a reasonable sentence considering that range and the
factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such
agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8.    **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to
USSG § 2S1.1(a)(2) is a Base Offense Level of 8, prior to adjustments. The parties agree that,
pursuant to USSG § 2B1.1(b)(1)(F), a ten-level upward adjustment applies because the funds
involved exceeded $150,000.

The parties agree that, pursuant to USSG § 2S1.1(b)(2)(B) a 2-level upward adjustment
applies because defendant was convicted under 18 U.S.C. § 1956.

9.    **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant
fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in
this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's
offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves
the right to change this recommendation if defendant, between plea and sentencing, commits any
criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts
inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

David Angeli
Re: Dubnikov Plea Agreement Letter
Page 4
January 24, 2023

10.    **Sentencing Recommendation**:  The USAO will recommend the low end of the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above.

The USAO also agrees that defendant should receive a variance under 18 U.S.C. § 3553(a) for the time defendant has spent in custody from the date of his arrest in the Netherlands on approximately November 2, 2021, until the date of his initial appearance in the United States.

11.    **Additional Departures, Adjustments, or Variances**:

The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing.  Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled.  Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

12.    **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court.  Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).  In the event that [any of] defendant's conviction(s) under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

David Angeli
Re: Dubnikov Plea Agreement Letter
Page 5
January 24, 2023

13.    **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14.    **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15.    **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

    If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing.  If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16.    **Restitution**: The government agrees, based on the particular facts of this defendant in this case, that it will not argue for restitution at sentencing. However, defendant understands that a victim of the underlying specified unlawful activity could come forward and independently request an award of restitution. Defendant understands that ultimately the Court will decide whether to order restitution in this case.

17.    **Forfeiture Terms**:

    A.    Assets and Authority: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in the amount of compensation in U.S. dollars he earned on the above-described transaction pursuant to 18 U.S.C. § 982 which defendant admits represents proceeds defendant personally obtained, directly or indirectly, as a result of defendant's criminal activity set forth in Count 1 of the Indictment.

    B.    No Alteration or Satisfaction: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of this money judgment, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of

David Angeli
Re: Dubnikov Plea Agreement Letter
Page 6
January 24, 2023

imprisonment, or any other penalty this Court may impose upon defendant in addition to
forfeiture. Defendant agrees that forfeiture of substitute assets as authorized pursuant to 21
U.S.C. § 853(p) shall not be deemed an alteration of defendant's sentence.


18.    **Memorialization of Agreement**:  No promises, agreements, or conditions other than
those set forth in this agreement will be effective unless memorialized in writing and signed by
all parties listed below or confirmed on the record before the Court.  If defendant accepts this
offer, please sign and attach the original of this letter to the Petition to Enter Plea.

19.    **Deadline**:  This plea offer expires if not accepted by January 31, 2022 at 5:00 p.m.

Sincerely,

NATALIE K. WIGHT
United States Attorney

QUINN HARRINGTON    Digitally signed by QUINN
                    HARRINGTON
                    Date: 2023.01.24 12:37:45 -08'00'

QUINN P. HARRINGTON
WILLIAM M. NARUS
Assistant United States Attorneys

        I have carefully reviewed every part of this agreement with my attorney.  I understand
and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this
agreement.  I wish to plead guilty because, in fact, I am guilty.

2.1.23
Date                                    DENIS MIHAOLOVIC DUBNIKOV


        I represent the defendant as legal counsel.  I have carefully reviewed every part of this
agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and
to plead guilty are informed and voluntary ones.

2/1/23
Date                                    DAVID ANGELI
                                        Attorney for Defendant


Revised May 2018