NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**QUINN P. HARRINGTON, OSB #083544**
Quinn.Harrington@usdoj.gov
**WILLIAM M. NARUS, CAB #243633**
William.Narus@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:20-cr-00237-HZ-007 |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **DENIS MIHAQLOVIC DUBNIKOV,** | |
| Defendant. | |

**Introduction**

Defendant laundered a portion of a Ryuk ransomware payment. Defendant was not involved in the underlying ransomware activity and is pleading guilty to a willful blindness theory. The government is not asking for a restitution order, and the government's sentencing recommendation considers defendant's role in the offense as well as his plea and agreement to extradition.

/ / /

**Government's Sentencing Memorandum**                                                  **Page 1**

**Factual Background**

**A.      The Offense Conduct**

Defendant was a co-founder of a cryptocurrency exchange company called "Coyote Crypto" based in Russia. Defendant, and others with whom he worked, exchanged cryptocurrency for cash.

On or about July 9, 2019, a United States company paid a 250 bitcoin (approximately $3,100,000) ransom following a Ryuk ransomware attack.

A few days after that incident, defendant agreed to exchange 35 bitcoin for approximately $400,000 in cash. Defendant did not know specifically that the 35 bitcoin was proceeds of ransomware. However, defendant was aware of a high probability that the financial transaction involved proceeds of a specified unlawful activity and deliberately avoided learning the truth.

**B.      The Charges and Extradition**

Defendant was charged in a one-count Second Superseding Indictment with conspiracy to launder funds, in violation of 18 U.S.C. § 1956(h).

In November 2021, defendant was arrested in the Netherlands. He was extradited and made his initial appearance in this Court after serving about nine months in prison in the Netherlands.

**C.      The Plea Agreement**

Several months after making his first appearance, defendant agreed to plead guilty to the single count of the Second Superseding Indictment. Defendant agreed to facilitating the 35-bitcoin transaction and to being aware of a high probability that the proceeds were of a specified unlawful activity and to have deliberately avoided learning the truth.

/ / /

The government agreed to not pursue additional charges against defendant, to use the $400,000 in bitcoin as the relevant conduct for sentencing, and recommend a variance for the approximately nine months that defendant spent in prison in the Netherlands awaiting extradition.

**Argument**

**A.     Consideration of 18 U.S.C. § 3553(a) Factors at Sentencing**

Defendant's offense conduct consists of laundering $400,000 of Ryuk ransomware proceeds through his personal account. To be sure, illicit cash exchanges like the one defendant and his co-conspirators operated help facilitate the operation of ransomware activities by providing a place to liquidate bitcoin. The government acknowledges, however, that defendant's role in the conspiracy was limited to an isolated instance, and that he has agreed to be extradited, accepted responsibility for his conduct, and has abided by the conditions of his pretrial release since arriving in the United States.

**B.     Restitution**

The government is not asking for restitution. In the plea agreement, the government agreed that it would not argue for restitution at sentencing based on the specific facts of the defendant in this case.

Defendant was not involved in the underlying ransom activity or aware that the bitcoin was ransomware proceeds. Instead, he has pled guilty to a willful blindness theory. Because the scheme itself is money laundering *after* the ransom attack and this defendant was not involved or aware of the generation of the underlying proceeds, the government is not asking for restitution in this particular case. *See* 18 U.S.C. § 3663A(a)(2).

/ / /

The government has provided the Court with a letter from the insurance company who incurred the liability from the ransom. As noted in the plea agreement, defendant is aware that victims may request restitution and that the Court will ultimately decide whether restitution is ordered.

### C.    Forfeiture

Defendant has agreed to disgorge profit from his criminal activity. The government asks for forfeiture of $2,000 and anticipates that defendant will pay this amount on the day of sentencing.

The government did not negotiate a fine in the plea agreement. As such, the government does not ask for a fine.

Dated: April 5, 2023

Respectfully submitted,

NATALIE K. WIGHT
United States Attorney

*/s/ Quinn P. Harrington*
QUINN P. HARRINGTON, OSB #083544
WILLIAM M. NARUS, CAB #243633
Assistant United States Attorneys